**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARANJIT SINGH, | No. 12-71694 |
| Petitioner, | Agency No. A079-262-374 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Saranjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion by denying Singh's second motion to reopen as untimely and number-barred because the motion was filed more than six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate materially changed conditions in India to qualify for the regulatory exception to the time and numerical limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987 (evidence must be "qualitatively different" from the evidence presented at the previous hearing); *see also Toufighi v. Mukasey*, 538 F.3d 988, 995-97 (9th Cir. 2008) (requiring movant to establish prima facie eligibility for relief and discussing consequences of lack of credibility).

We reject Singh's contention that the BIA failed to adequately consider the evidence presented with the motion to reopen. *See Najmabadi*, 597 F.3d at 990-91.

Finally, we decline to consider any challenge Singh makes to the agency's underlying credibility determination because this court already decided the issue in *Singh v. Gonzales*, No. 05-72061, 2006 WL 2074674 (9th Cir. July 26, 2006).

**PETITION FOR REVIEW DENIED.**

12-71694